IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH ASHLEY, <br><br>                Plaintiff, <br><br>    v. <br><br> DAVID METELOW, et al., <br><br>                Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 15-3153 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES:

Keith Ashley, Plaintiff Pro Se
#575398/589308B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

**SIMANDLE, Chief Judge:**

## I.   INTRODUCTION

Before the Court is Plaintiff Keith Ashley's ("Plaintiff"), motion to amend his civil rights complaint pursuant to 42 U.S.C. § 1983. Docket Entry 11. This Court granted Plaintiff's application to proceed *in forma pauperis* and permitted the complaint to proceed in part on January 22, 2016. Plaintiff now moves to amend his complaint to address the deficiencies noted by the Court. For the reasons stated below, the motion is granted and the amended complaint shall proceed in part. Plaintiff shall serve the amended complaint within 90 days of this Opinion and Order.

## II. BACKGROUND

Plaintiff originally filed this civil rights action against
Defendants David Metelow and Don Siebert, Supervisors of
Education at South Woods State Prison ("SWSP"), Mr. Marrocco,
Teacher for the culinary arts program, and Tanya Steltz,
Secretary for Facility III alleging they violated his right to
Free Association under the First Amendment, the Equal Protection
Clause of the Fourteenth Amendment, and the New Jersey
Administrative Code for denying him entrance into the SWSP
Culinary Arts Program and for failing to inform him of the
complete requirements for entry. After reviewing the complaint,
the Court permitted the complaint to proceed only against
Siebert and Marrocco as he had not sufficiently alleged personal
involvement by the other named defendants. Plaintiff now seeks
to add additional defendants and to reinstate his claims against
the dismissed defendants.

Plaintiff applied to join the SWSP culinary arts program at
various points in time between October 2007 and July 2014 during
his confinement at that facility. Proposed Amended Complaint,
Docket Entry 11 ¶ 1. He specifically alleges he applied to the
program on October 23, 2007, September 28, 2009, December 9,
2009, June 24, 2013, August 28, 2013, September 22, 2013, April
24, 2014, July 7, 2014, and July 11, 2014. *Id.* ¶ 1(B)(1) n.16.
He alleges Steltz placed him on the computer literacy class

2

waiting list without verifying his high school diploma, but rejected him from the culinary arts program for failure to verify his diploma. *Id.* ¶ 1(B)(1)(a)-(b) n.17-18.

Plaintiff also alleges he was scheduled for an entry interview on August 20, 2013, but Lynch turned him away from the interview site stating Plaintiff's name was not on the interview list. *Id.* ¶4(F). Plaintiff states he saw his name on the list and that Lynch had a "personal vendetta" against him. *Id.* ¶ 4(F) n.32. He filled out a grievance form objecting to his absence from the list, and he received a letter from Seibert indicating that the certificate earned through the program expired after five years, therefore inmates with parole eligibility or maximum release dates within the next two years are given preference for entry into the program. *Id.* ¶ 4(H). Plaintiff alleges Caucasian inmates with more than two years left before their parole eligibility dates and who were put on the waiting list after Plaintiff were permitted to enroll in the program. *See id.* ¶¶ 4(D)(9)(a), (G).

Plaintiff wrote to SWSP Administrator Nelsen regarding the difficulty he was having enrolling in the program. Nelsen responded: "This office is in receipt of your appeal received on October 8, 2013, in reference to participating in the Culinary Arts Program. Be advised that you are not banned from Culinary Arts class. A review of your Education Department record

3

revealed that you have been off and on the Culinary Arts Waiting List since 2007." *Id.* ¶ 4(H). Plaintiff states he wrote to Nelsen, Metelow, and Siebert about being denied entry into the class on several occasions over the years regarding his repeated denials of entry into the program and alleged discrimination by SWSP staff. *Id.* ¶ 6(VI).

**III. STANDARD OF REVIEW**

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). 11. Plaintiff has not served the original complaint.

A court may deny leave to amend a pleading where it court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* The Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

**IV. ANALYSIS**

Plaintiff seeks to reinstate his claims against Steltz and Metelow and to add claims against Lynch and Nelsen. As in the original complaint, Plaintiff has sufficiently alleged violations of the First Amendment Right to Free Association, the Equal Protection Clause, and the New Jersey Administrative Code by Siebert and Marrocco. Construing the proposed amended complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has also sufficiently alleged these claims against Nelsen, Metelow, and Steltz. The Clerk's Office shall be directed to reinstate Metelow and Steltz as defendants.

Plaintiff has not sufficiently stated a claim against Lynch, however. The only factual allegation against Lynch in the proposed amended complaint is that he turned Plaintiff away from his August 23, 2013 interview. Plaintiff states Lynch has a "personal vendetta" against him, but does not elaborate on the nature of that alleged vendetta. Proposed Amended Complaint ¶ 4(F) n.32. Although Plaintiff claims he saw his name on the interview list, the response to his grievance indicates his name "was deleted from apt sheet" as the result of an "input error." Exhibit A P-8. This corresponds with Lynch's statement to Plaintiff that he was not on the interview list. Proposed Amended Complaint ¶ 4(F). There are insufficient facts to reasonably infer Lynch discriminated against Plaintiff on the

basis of his race or otherwise violated Plaintiff's rights when
he sent Plaintiff back to the housing unit. The claims against
Lynch are dismissed without prejudice.

To the extent the proposed amended complaint could be
construed as raising a state law claim of intentional infliction
of emotional distress, *see id.* ¶ 4(D)(5), he has failed to state
a claim. To plead a prima facie case of intentional infliction
of emotional distress under New Jersey law, a plaintiff must
submit facts supporting an inference that "(1) the defendant
acted intentionally; (2) the defendant's conduct was so
outrageous in character, and so extreme in degree, as to go
beyond all possible bounds of decency, and to be regarded as
atrocious, and utterly intolerable in a civilized community; (3)
the defendant's actions proximately caused him/her emotional
distress; and (4) the emotional distress was so severe that no
reasonable [person] could be expected to endure it." *Soliman v.*
*Kushner Cos., Inc.*, 77 A.3d 1214, 1229 (N.J. Sup. Ct. App. Div.
2013) (internal quotation marks omitted) (alteration in
original).

Plaintiff only cursorily states: "These defendants acted in
a way that is extreme or outrageous for the purpose of causing
emotional distress; the plaintiff has actually suffered severe
or extreme emotional distress; and the defendant's conduct
caused the emotional distress." Proposed Amendment Complaint ¶

4(D)(5) n.22. "A pleading that offers 'labels and conclusions'
or 'a formulaic recitation of the elements of a cause of
action'" is insufficient to meet the pleading standards.
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This claim is
therefore dismissed without prejudice.

**V.   CONCLUSION**

    For the reasons stated above, Plaintiff's motion to amend
his complaint is granted. The intentional infliction of
emotional distress claim and the claims against Lynch are
dismissed without prejudice. Plaintiff shall serve the amended
complaint within 90 days of the date of this Opinion and Order.

    An appropriate order follows.


 **February 7, 2017**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge