# IN THE UNITED STATES DISTRICT
# FOR THE DISTRICT OF NEW JERSEY

KEITH ASHLEY,

           Plaintiff,

   v.

DAVID METELOW, et al.,

           Defendants.

HONORABLE JEROME B. SIMANDLE

Civil No. 15-3153 (JBS-AMD)

**ORDER**

This matter is before the Court on the following motions:

(a) Motion by Plaintiff Keith Ashley for Default Judgment [Docket Item 34]; and

(b) Motion by Defendants David Metelow, Tanya Stelz, and Anthony Marrocco to set aside default and extend the time to answer [Docket Item 39]; and

The Court having considered the submissions of the parties, including the Affidavit in Support of Motion to Set Aside Default subscribed by Deputy Attorney General Suzanne Davies [Docket Item 39-1], as to which no opposition has been filed;[1] and

The Court finds:

1. Several defendants (Metelow, Marrocco, and Stelz) were served with process on May 10, 2017, and they requested representation from the Attorney General's Office.

---

[1] By letter to Plaintiff Ashley, this Court requested Mr. Ashley to submit any opposition to Defendants' motion by October 2, 2017 [Docket Item 41], and no opposition has been received.

2.   According to DAG Davies' Affidavit, another defendant (Don Siebert) was retired from the Department of Corrections prior to the May 10, 2017 service of process which the Department of Corrections accepted on his behalf; Siebert has not yet requested the representation of the Attorney General on his behalf; the legality of service upon Siebert as a retired employee is questionable but cannot be decided on the present record.

3.   When the Attorney General's Office was anticipating Siebert's request for representation (which never came), the time for responding to the Complaint expired for Defendants Metelow, Marrocco, and Stelz on May 31, 2017 with no action taken, through inadvertence of the Attorney General's Office.

4.   Upon Plaintiff's request, the Clerk of Court entered default on July 17, 2017, pursuant to Rule 55(a), Fed. R. Civ. P., as to Metelow, Siebert, Marrocco, and Stelz.

5.   On August 2, 2017, Plaintiff filed the present motion for default judgment under Rule 55(b) [Docket Item 34], and Defendants Marrocco, Metelow, and Stelz moved, through DAG Davies, to set aside the default and to extend their time to answer or otherwise plead.

6.   Efforts on two occasions to serve another Defendant -- Kenneth Nelsen -- were unsuccessful and the Marshal returned the USM-285 Forms unexecuted on May 3, 2017 [Docket Item 25] and

December 1, 2017 [Docket Item 42] as to Defendant Nelsen who has still not been served.

7. The unopposed motion of Defendants Marrocco, Metelow, and Stelz to set aside entry of default will be granted. Through excusable neglect, their attorney within the Attorney General's Office failed to timely answer or otherwise respond to the Complaint on their behalf. The defendants may have a plausible defense on the merits and the case -- raising important issues of personal rights -- should go forward rather than being resolved by default. Further, it follows that Plaintiff's motion for default judgment under Rule 55(b) will be denied.

8. As to the remaining Defendant, Don Siebert, the Court will require the Deputy Attorney General Davies to ascertain the status of his service. If Mr. Siebert will not acknowledge service and instead insists upon individual service, then DAG Davies shall provide to the Court, under seal, the last known home address for Defendant Siebert so that the Court can authorize the issuance of a second summons for service by the Marshal. If so, the U.S. Marshal will be directed to make personal service of the Summons and Complaint upon defendant Siebert and to file a confirmation of service promptly thereafter. Defendant Siebert shall have twenty-one days after service of the Complaint to file his Answer or otherwise file a responsive pleading.

WHEREFORE, IT IS this **18th** day of **January**, **2018** hereby

**ORDERED** that Plaintiff's motion for default judgment [Docket Item 34] shall be, and it hereby is, **DENIED**; and it is further

**ORDERED** that Defendants' motion to set aside entry of default as to Defendants Marrocco, Metelow, and Stelz [Docket Item 39] shall be **GRANTED** and these Defendants shall file their Answer or otherwise plead within twenty-one (21) days of entry of this Order; and it is further

**ORDERED** that DAG Suzanne Davies shall ascertain whether Defendant Siebert acknowledges service of process and requests representation by the Attorney General, and if so, his answer or other responsive pleading shall be due within twenty-one (21) days hereof; and it is further

**ORDERED** that if Defendant Siebert has not acknowledged service of process within twenty-one (21) days hereof, then DAG Davies shall supply the Court, under seal, with Mr. Siebert's address for personal service of process and the Marshal will be directed to serve the Summons and Complaint upon him, and Mr. Siebert's answer or other response shall be due within twenty-one (21) days of service of process.

                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        U.S. District Judge