NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEITH ASHLEY,<br><br>      Plaintiff,<br><br>  v.<br><br>DAVID METELOW, *et al.*,<br><br>      Defendants. | THE HONORABLE RENÉE MARIE BUMB<br><br>Civ. No. 15-3153 (RMB-AMD)<br><br>OPINION |

**APPEARANCES:**

Keith Ashley
575398/589308B
East Jersey State Prison
Lock Back R
Rahway, NJ 07065
    Plaintiff pro se

**BUMB**, United States District Judge

This matter comes before the Court on an order to show cause why the claims against Kenneth Nelsen should not be dismissed for failure to serve the summons and complaint. (ECF No. 102). After considering Plaintiff Keith Ashley's response to the order to show cause, (ECF No. 110), the Court will dismiss Kenneth Nelsen for failure to serve. Fed. R. Civ. P. 4(m).

I.   BACKGROUND

Plaintiff is a convicted and sentenced state prisoner in the custody of the New Jersey Department of Corrections ("DOC"). On

May 5, 2015, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 against David Metelow, Don Siebert, Mr. Marrocoo, and Tanya Stelz for allegedly violating his Fourteenth Amendment right to equal protection, First Amendment right to free association, and his New Jersey Administrative Code Inmate Rights and Responsibilities. (ECF No. 1). On June 17, 2016, Plaintiff moved to amend his complaint to add claims against Kenneth Nelsen and SCO Lynch. (ECF No. 11). The Court permitted Plaintiff's claims against Defendants Metelow, Siebert, Marrocoo, Stelz, and Nelsen to proceed. (ECF No. 19). SCO Lynch was dismissed from the matter, and summonses were issued for the remaining defendants. (ECF No. 23).

The U.S. Marshals Service returned Defendant Nelsen's summons unexecuted on May 3, 2017. (ECF No. 25). The instructions on Marshal Form 285 directed the Marshals Service to serve Nelsen at South Woods State Prison in Bridgeton, New Jersey. (Id.). The Trenton, New Jersey address for the DOC was listed in the "Special Instructions" section. (Id.). The Marshals wrote in the "Remarks" section: "Retired Former Administrator -> left South Woods approx. 6 yrs ago to go to another institution – last post will have file – but South Woods doesn't know where his last post was. Return to plaintiff." (Id.).

Two months later, Plaintiff wrote to Magistrate Judge Donio to request another Marshal Form 285 in order to serve Nelsen. (ECF

No. 31). A new form was sent, and Plaintiff returned the form on September 7, 2017. (ECF No. 36). The Clerk's Office issued new summons to Defendant Nelsen. (ECF No. 37). This form directed the Marshals to serve Nelsen at the Trenton Office of the DOC and provided a phone number. (ECF No. 42).

The summons was once again returned unexecuted on December 1, 2017. (Id.). The "Remarks" section indicated that the summons had been forwarded to the Trenton office for service but that service could not be completed because the "[i]ndividual [was] no longer at Department." (Id.). Plaintiff wrote to the Court a year later asking why Nelsen was not in the case. (ECF No. 58). The docket does not indicate any further communication regarding Defendant Nelsen until this Court issued its order to show cause on October 21, 2019. (ECF No. 102).

II. DISCUSSION

  A.  Standard

The Federal Rules of Civil Procedure require the complaint to be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). After that time and after providing notice to the plaintiff, the court must dismiss any defendant who has not been served unless the plaintiff can show good cause for failing to serve the defendant.

  B.  Good Cause

Plaintiff argues he has good cause for failing to serve Defendant Nelsen. (ECF No. 110). He argues that it is "incomprehensible" that the Department of Corrections accepted service for one retired employee, Siebert, but did not accept service for Nelsen. (Id. at 3). He further asserts that the Marshals Service failed to state that they attempted to serve Nelsen in Trenton the first time. (Id. at 4).

The Court must first consider whether good cause exists for an extension of time. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). "If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Id. "[T]he United States Court of Appeals for the Third Circuit has advised that a Court should consider the '(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve.'" Nabi v. Childs, No. 19-12872, 2019 WL 5800254, at *4 (D.N.J. Nov. 7, 2019) (quoting MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)).

The Court finds that Plaintiff has not shown good cause for failing to serve Defendant Nelsen. In considering "good cause," "the primary focus is on the plaintiff's reasons for not complying

with the time limit in the first place." MCI Telecommunications, 71 F.3d at 1097. Plaintiff lays the blame at the feet of the DOC for failing to accept service and the Marshals for failing to follow Plaintiff's service instructions. Neither of these is a good reason. Whatever the reason the DOC chose to accept service for one retired employee and not another, Plaintiff knew that Nelsen had not been served. After the first summons was returned, he wrote a letter to Magistrate Judge Donio requesting a second 285 form. (ECF No. 31). The Clerk's Office acceded to his request and sent him a new form. (ECF No. 35).

Even if Plaintiff was reasonably diligent in his service efforts up until this point, he was not diligent after his first failed attempt to serve Nelsen. The record reflects that the Marshals Service forwarded the second summons to Trenton for service per Plaintiff's instructions, but they were still unable to serve Nelsen. (ECF No. 42). The summons was returned on December 1, 2017; Plaintiff waited until November 21, 2018 to write to the Court to ask why Defendant Nelsen was not participating in the case. (ECF No. 58). In that time, a motion to dismiss had been granted in part. (See ECF No. 54). Waiting nearly a year after a dispositive motion is adjudicated is not a reasonably diligent effort to serve Nelsen. In addition, Plaintiff has not contacted the Court since that time despite knowing that Nelsen was not a part of this case. "Even allowing for Plaintiff's pro se status,

given the time he has had to address the problem it cannot be reasonably concluded that he has been diligent or made a good faith effort to do so." Landy v. Irizarry, 884 F. Supp. 788, 793 (S.D.N.Y. 1995). Plaintiff has provided no good reason for failing to serve Nelsen once the second summons was returned. He did not ask for additional time to serve Nelsen or for a new 285 form. (See ECF No. 58).

Having found that Plaintiff did not have good cause for failing to serve Defendant Nelsen, the Court declines to exercise its discretion to permit service at this time. The matter is proceeding to trial in a few weeks against the other defendants. All defendants would be prejudiced if Plaintiff were permitted to continue his claims against Nelsen this late in the litigation. The claims against Nelsen are dismissed.

III. CONCLUSION

For the reasons discussed above, the claims against Nelsen are dismissed. An appropriate Order follows.


Date: November 19, 2019         s/Renée Marie Bumb
                                **RENÉE MARIE BUMB**
                                **United States District Judge**